IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORA WILLIAMS OMENKA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>　　　　Defendants. | Case No. 24-cv-06330-MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED; CONTINUING HEARING ON MOTION FOR PRELIMINARY INJUNCTION TO OCTOBER 18, 2024** |

　　　　Before the Court is plaintiff Lenora Williams Omenka's Complaint, filed September 9, 2024.[1]  Having read and considered the Complaint, the Court, for the reasons stated below, directs plaintiff to show cause why the Complaint should not be dismissed for lack of subject matter jurisdiction.

　　　　In her Complaint, plaintiff asserts six claims against defendants Select Portfolio Servicing, Inc. (SPS") and Deutsche Bank National Trust Company ("Deutsch Bank"),[2] each claim arising under state law.  In an attempt to establish subject matter jurisdiction, plaintiff alleges she is a "citizen of California," (2) SPS is a "citizen of Utah," and (3) Deutsch Bank is "a citizen of New York."  (See Compl. at 2:1-3.)

　　　　A district court has diversity jurisdiction over a civil action between "citizens of

---

[1] The Complaint is titled "Motion for Temporary Restraining Order and Preliminary Injunction," and in the footer bears the designation "Complaint."

[2] According to a document attached to the Complaint, SPS is the "servicer" of a loan plaintiff took out against real property she owned, and Deutsch Bank is the "owner" of the loan.  (See Compl. Ex. Q [letter dated August 26, 2024).)

different States" where the amount in controversy exceeds "$75,000, exclusive of interest and costs."  See 28 U.S.C. § 1332(a)(1).  Here, although the amount in controversy exceeds $75,000,[3] plaintiff's allegations as to defendants' citizenship are, as set forth below, insufficient.

A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  See 28 U.S.C. § 1332(c)(1).  Consequently, a party asserting diversity jurisdiction must allege, with respect to a domestic corporate defendant such as SPS, the state in which it has been incorporated and the state in which it has its principal place of business.  See Carolina Casualty Ins. Co. v. Team Equipment, Inc., 741 F.3d 1082, 1086 (9th Cir. 2014) (holding, where plaintiff failed to allege corporate defendant's "principal place of business," complaint was subject to dismissal).

A different rule exists, however, if a corporation is a national bank; "a national bank is a citizen only of the state in which its main office is located."  See Rouse v. Wachovia Mortgage, FSB, 747 F.3d 707, 709 (9th Cir. 2014).  A national bank's "main office" is "designated in [its] articles of incorporation" and is not necessarily its "principal place of business."  See id.  A national bank is a "corporate entity chartered . . . by the Comptroller of the Currency of the U.S. Treasury," see id. (internal quotation, alteration, and citation omitted), and the publicly available records of the Comptroller of the Currency indicate Deutsch Bank is a national bank with its main office in Los Angeles, California.  See https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/national-by-name.pdf;[4] see also John v. Quality Loan Service Corp., 2020

---

[3] Plaintiff alleges defendants "falsely" sold her home at a foreclosure sale conducted August 27, 2024, which home she states has been valued at $1,200,000. (See Compl. at 2 at 6-8, 6 at 1-3.)

[4] The Court takes judicial notice of the records of the Comptroller of the Currency. See Khan v. Bank of New York Mellon, 525 Fed. Appx. 778, 780 (10th Cir. 2013) (taking judicial notice of Comptroller of the Currency's list of national banks to determine where national bank's "main office" was located).

WL 2896545, at *5 (E.D. Wash. May 4, 2024) (observing Deutsch Bank is "national bank" with "its main office in Los Angeles").

Here, as noted, plaintiff alleges SPS is a citizen of Utah and Deutsch Bank is a citizen of New York.  With respect to SPS, plaintiff does not allege Utah is the state in which it is incorporated or the state in which it has its principal place of business.  More importantly, Deutsch Bank is not a citizen of New York, but, rather, as stated above, a citizen of California, as is plaintiff.

Under such circumstances, the Court finds plaintiff has failed to allege, and cannot allege, the parties are diverse in citizenship.

Accordingly, plaintiff is hereby DIRECTED to show cause, in writing and no later than September 27, 2024, why the above-titled action should not be dismissed for lack of subject matter jurisdiction and without prejudice to plaintiff's refiling her claims in state court.  See California Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280-81 (9th Cir. 1974) (holding, where district court finds it does not have subject matter jurisdiction over an action, it must "give[ ] notice of [its] intention to dismiss," an "opportunity to submit a written memorandum in opposition" to dismissal, and an "opportunity to amend to overcome the deficiencies raised").  Should plaintiff seek to respond to the instant Order by filing an Amended Complaint, plaintiff shall clearly set forth in any such pleading the state or states in which each defendant is a citizen.

Lastly, in light of the above-described jurisdictional deficiencies and there being no showing of any imminent harm that would counsel against a continuance of the hearing on plaintiff's motion for a preliminary injunction until the jurisdictional issue is resolved, the hearing on the motion for a preliminary injunction is hereby CONTINUED from September 20, 2024, to October 18, 2024, at 9:00 a.m., Courtroom 7.

**IT IS SO ORDERED.**

Dated:  September 13, 2024

MAXINE M. CHESNEY
United States District Judge