IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORA WILLIAMS OMENKA,<br><br>    Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>    Defendant. | Case No. 24-cv-06330-MMC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND ISSUANCE OF ORDER TO SHOW CAUSE** |

    Before the Court is plaintiff Lenora Williams Omenka's First Amended Complaint ("FAC"), filed October 25, 2024, which pleading includes a request for a temporary restraining order and issuance of an order to show cause why a preliminary injunction should not be issued.  The relief sought by said request is an order prohibiting defendants from "continuing with the foreclosing and/or selling [p]laintiff's residential property" in Oakland, California.  (See FAC at 2:5-11; see also FAC at 1:18-2:3 (asserting defendants should be required to "stop[ ] the foreclosure process and revers[e] the sale of [p]laintiff's property").)

    By order filed September 9, 2024 ("September 9 Order"), the Court denied plaintiff's motion for a temporary restraining order, contained in her initial complaint, for the reason there was no showing of urgency, the challenged foreclosure having occurred in August 2024, and for the additional reason that the motion was not supported by a declaration, i.e., the motion was not supported by any evidence, as is required by the Local Rules of this District.  See Civil L.R. 7-5 (providing "[f]actual contentions made in support of . . . any motion must be supported by an affidavit or declaration").

    Plaintiff's new filing is, in essence, a request for reconsideration of the September

9 Order and, as such, fails to comply with the Civil Local Rules of this District. In particular, plaintiff's request is procedurally improper, as plaintiff has failed to seek, much less obtain, leave to file a motion for reconsideration, see Civil L.R. 7-9(a) (providing "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion"); further, it is substantively defective, as plaintiff fails to show any cognizable basis for reconsideration exists, see Civil L.R. 7-9(b) (setting forth showing movant must make to support motion for leave to file motion for reconsideration). Moreover, plaintiff again fails to identify any urgency warranting issuance of a temporary restraining order and/or issuance of an order to show cause and again fails to support her request with a declaration.

Accordingly, the request for a temporary restraining order and for issuance of an order to show cause is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 31, 2024

MAXINE M. CHESNEY
United States District Judge